SAMUEL I. DAVIS and FREDERICK J. DAVIS, Respondents, *v.* NATHAN ROSENSTEIN, Individually and as President of the Advisory Board of the Cigarmakers' International Union in the City of New York, and Others, Appellants, Impleaded with Others.

Laches *in moving a case for trial — a reason for not reversing a temporary injunction order.*

Where a temporary injunction order has been granted by the court upon conflicting affidavits, and the party enjoined, instead of bringing the action promptly to trial that the merits may be examined into, lies by and does not require a trial, but prefers to review, by an appeal from such order, the discretion exercised by the court in granting it, the order will not be reversed unless a case is made clearly requiring it.

APPEAL by the defendants, Nathan Rosenstein and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of June, 1900, continuing a temporary injunction restraining the said defendants, among other things, from hindering, interrupting, obstructing or otherwise interfering with the exercise and management of the lawful trade, business and calling of the plaintiffs.

*Charles Haldane,* for the appellants.

*John Frankenheimer,* for the respondents.

Rumsey, J. :

Orders of this kind are very largely in the discretion of the court, and although this court has the power to review that discretion and does not hesitate to do so when called upon, yet where the determination of the court below has involved the examination of many affidavits to ascertain the truth in respect of them, we will not usually reverse its conclusion upon a question of fact unless we are satisfied that it is plainly wrong. In this case the affidavits presented a serious question of fact. This case was at issue upon the answer on the 5th day of March, 1900, more than three months before the order appealed from was made. It is within the knowledge of the court that before this appeal was argued, issues joined in November, 1900, were tried upon the equity calendar. The defendants certainly had an opportunity, if they desired, to try this action and require the plaintiffs to establish the facts by oral testimony, and to meet that testimony by evidence of the same kind if they saw fit. Had that been done, so that the court might determine the disputed facts of this case in a trial upon the merits, we should have been able to review those facts and conclusions of law much more satisfactorily than we can upon this record. Every one knows that the decision of a disputed question of fact upon affidavits is extremely unsatisfactory. Where the court has been called upon to determine the rights of the parties upon that sort of evidence, and the person against whom the order has been made, instead of forcing his case to trial that the merits of it may be examined, has seen fit to lie by and not require a trial, but has preferred to review the discretion of the court when he might have had a decision upon his absolute rights divested of any question of discretion, we do not feel called upon to reverse the discretionary order except upon a clear case. Such a case is not presented here, and for that reason the order appealed from must be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.