CONTENT et al. v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

INJUNCTION PENDENTE LITE—DISCRETION OF COURT—REVIEW ON APPEAL.

The appellate division cannot interfere with the discretion of the special term in refusing to continue an injunction pendente lite, restraining corporations from delivering or carrying into effect an agreement of lease executed between them where it appears to have been approved by the unanimous vote of the stockholders of one of the corporations, and by over 80 per cent. of the stockholders of the other, and it is shown that the lease has in fact been delivered and possession taken thereunder.

Appeal from special term, New York county.

Suit for an injunction by Harry Content and another against the Metropolitan Street Railway Company and others. From an order denying a motion to continue a preliminary injunction pendente lite (76 N. Y. Supp. 151), plaintiffs appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Treadwell Cleveland, for appellants.

Wm. D. Guthrie, for respondents.

McLAUGHLIN, J. The plaintiffs, as stockholders of the Metropolitan Street Railway, brought this action to perpetually enjoin and restrain the defendants from delivering or carrying into effect a

proposed lease between the Metropolitan Street Railway Company and the Interurban Street Railway Company. An injunction was granted pending the return of an order to show cause why the same should not be continued during the pendency of the action. Upon the return of the order the injunction was vacated, and the plaintiffs have appealed.

Whether or not an injunction will be granted during the pendency of an action rests largely in the discretion of the special term. This is the general rule which governs at appellate court on appeal, and, while it has the power to review that discretion, it will not interfere unless it clearly appears that the discretion was improperly exercised. Davis v. Rosenstein, 56 App. Div. 220, 67 N. Y. Supp. 629. The facts set out in the voluminous record before us do not establish that fact. On the contrary, we are of the opinion that such facts justified the court in refusing to continue the injunction. The lease was executed by the board of directors of the respective companies, and was approved by unanimous vote of the stockholders of the Interurban Street Railway Company, and by over 80 percent. of the stockholders of the Metropolitan Street Railway Company; and whether the board of directors of the latter company had the power to make such lease, as approved by such a large majority of its stockholders, ought not to be determined upon ex parte affidavits, but rather should be left to a trial where all of the questions bearing thereon can be thoroughly considered and passed upon, when all of the evidence in relation thereto is presented. It is not difficult to see, considering the enormous financial interests involved, that an injunction, before the rights of the parties have been determined, might produce irreparable injury to the defendants, largely in excess of any possible injury which the plaintiffs might sustain if the injunction were denied. Therefore we are of the opinion that the court at special term very properly, in the exercise of its discretion, refused the plaintiffs' application. In addition to this, as the question now comes before us, it was stated upon the oral argument—and such statement was not denied—that the lease had, in fact, been delivered, and the lessor had taken possession of the property leased; therefore, if the order should be reversed, it would not result in any possible advantage to the plaintiffs, but might be of great injury to the defendants. It is obvious in that case that the reversal of the order would not, of itself, restore the property to the lessor; for that could be done only by final judgment or by a mandatory injunction, which the court, under the facts presented, would not grant prior to the determination of the issues in the action. We are therefore of the opinion that the parties should remain in their present condition until the trial and determination of the merits of the controversy, and if, upon a trial, it shall ultimately be determined that the defendants had no authority to enter into the lease, then the same will be set aside, and the property restored to the lessor, and the plaintiffs' rights thereby will be fully protected.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.